UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SHARON M. GETCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00424-JAW |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON OBJECTION TO ORDER ON MOTION
TO SUPPLEMENT THE RECORD**

In this social security case, Sharon M. Getchell objects to the Magistrate Judge's denial of her motion to supplement the administrative record with office notes from Dr. Starbird. *Pl.'s Mot. to Supplement the Record* (Docket # 12); *Order on Mot. to Supplement the Record* (Docket # 15) (*Order*); *Pl.'s Objection to Order Denying Pl.'s Mot. to Supplement the Record* (Docket # 16) (*Pl.'s Objection*). The Social Security Administration has responded, urging the Court to overrule the objection to the Magistrate Judge's Order. *Def.'s Resp. to Pl.'s Objection to Order Denying Pl.'s Mot. to Supplement the Record* (Docket # 17).

As this is a non-dispositive matter, to succeed on her objection, Ms. Getchell must demonstrate that the Magistrate Judge's Order is "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). It is neither. First, as the Magistrate Judge observed, the Starbird office notes date from May 31, 2001 to March 19, 2002 and the period in dispute runs to September 30, 2000 at the latest. *Order* at 1. Second, the Magistrate Judge pointed out that the Administrative Law Judge had two

reports from Dr. Starbird to consider and Ms. Getchell failed to satisfactorily explain what information was in Dr. Starbird's office notes that was not in his two reports. *Id*. Finally, referring to counsel's obligation to perfect the record, the Magistrate Judge commented on counsel's failure to verify that the office notes "were part of the administrative record before the Judge." *Id*. at 2.

In her objection to the Magistrate Judge's Order, Ms. Getchell merely makes the blithe assertion that materiality of the Starbird notes is "obvious." *Pl.'s Objection* at 1. The Court reviewed the proffered notes and their "obvious" materiality is not so clear to the Court. Even if the later Starbird office notes could have some relevance to a period before they were written, Ms. Getchell still has not explained why the doctor's notes were necessary in addition to Dr. Starbird's admitted reports, and how it came to be that the office notes, if they were submitted, were not made part of the administrative record.

The Court OVERRULES Sharon L. Getchell's Objection to the Magistrate Judge's Order Denying Her Motion to Supplement the Record (Docket # 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2011