UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SHARON M. GETCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00424-JAW |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court her Report and Recommended Decision (*Rec. Dec.*) (Docket # 26) on September 22, 2011. On September 23, 2011, the Plaintiff filed her objections to the Recommended Decision (Docket # 27), and the Social Security Administration Commissioner filed his response to her objections on October 11, 2011 (Docket # 28).

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The parties agree that the Magistrate Judge made two factual mistakes in the Recommended Decision. Ms. Getchell's insured status expired on September 30, 2000. The Magistrate Judge observed that Ms. Getchell's "primary care provider did not note [her] psychiatric symptoms until April 27, 2001 (more than one year after the date last insured)," *Rec.*

*Dec.* at 5, and that "the date last insured predates [Dr. Starbird's psychological] course of treatment [which began in May 2001] by over a year." *Rec. Dec.* at 9. The difference between the last-insured date and the April and May 2001 dates is actually 7-8 months, not over a year.

The Court concludes that the factual errors are harmless. First, the Magistrate Judge was aware that September 30, 2000 was Ms. Getchell's last insured date. *Id.* at 1. She was also aware of the April, 2001 date for her primary care provider's notation and of the May 2001 date for Dr. Starbird's treatment. *Id.* at 5, 9. The error seems to have been purely mathematical.

Further, the difference between twelve or thirteen months and seven or eight months does not alter the conclusion that there was a gap of a number of months between the date Ms. Getchell's insured status expired and the dates her symptoms were independently corroborated.

The Court amends the Recommended Decision to correct its references to the time period between September 30, 2000 and April and May, 2001. Otherwise, the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision.

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge, as amended, is hereby <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that the Commissioner's final decision be and hereby is <u>AFFIRMED</u>.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2011